919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COLUMBIA PORTLAND CEMENT COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 89-6105, 89-6164.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1990.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and ENSLEN, District Judge.*
 
 JUDGMENT
 
 2
 THIS CAUSE came on to be heard upon a petition filed by Columbia Portland Cement Company, to review an order of the National Labor Relations Board issued against said Petitioner, its officers, agents, successors, and assigns, on May 31, 1989, and upon a cross-application filed by the National Labor Relations Board to enforce said Order. The Court heard argument of respective counsel on July 26, 1990, and has considered the briefs and transcript of record filed in this case. On October 2, 1990, the Court being fully advised in the premises, handed down its opinion in which it affirmed in part and reversed in part the Board's Decision and granted enforcement of the Board's Order, as modified. In conformity therewith, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Petitioner, Columbia Portland Cement Company, Zanesville, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Conducting investigatory interviews of employees after having denied their requests for union representation.
 
 
 5
 (b) Threatening employees with suspension for refusing to participate in investigatory interviews after having denied their requests for union representation.
 
 
 6
 (c) Suspending, discharging or otherwise discriminating against any employee for refusing to participate in investigatory interviews after having denied their request for union representation.
 
 
 7
 (d) Refusing to bargain collectively within the meaning of the National Labor Relations Act (hereinafter called the Act) with United Cement, Lime, Gypsum, and Allied Workers' International Union, Local No. 24, AFL-CIO affiliated with Cement, Lime, Gypsum and Allied Workers Division, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO (hereinafter called the Union), as the exclusive bargaining representative of its employees in the appropriate unit by: refusing to process and arbitrate grievances filed prior to September 5, 1984, under the terms of the expired contract; refusing to process grievances filed between September 5, and October 28, 1984, under the terms of the expired contract; insisting that grievances filed between September 5, and October 28, 1984, be processed under the grievance procedures of the implemented contract proposal of October 28, 1984.
 
 
 8
 (e) Refusing to bargain collectively within the meaning of the Act with the Union, by: establishing a policy that only active employees could participate in the filing and processing of grievances; refusing to allow retired Union grievance committeeman Boyd Folden to participate in the filing and processing of grievances.
 
 
 9
 (f) Discharging, suspending, or failing to reinstate any employee for participation in a strike or engaging in any other Union or concerted activities protected by Section 7 of the Act.
 
 
 10
 (g) In any other manner interfering with, restraining or coercing its employees in the exercise of their rights under Section 7 of the Act.[1]
 
 
 11
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 12
 (a) Make whole employees Robert Barrett, Robert Wartenbe, Russell Barrett, James Dalrymple, Terry Frame, Jimmy Hughes, Mark Jellison, Keith Luzadder, Homer Searls, Gene Swingle, George Williams, Michael Corbett, Paul Fisher, Larry Jarvis, Larry Tyo, Joseph Stoneburner and Michael Fisher to the extent this has not been accomplished, for any loss of pay they may have suffered by reason of the discrimination against them found, to be computed in conformity with the section of the Administrative Law Judge's Decision entitled "The Remedy" except that Robert Wartenbe's backpay shall be discontinued as of July 8, 1985.
 
 
 13
 (b) Offer to Russell Barrett, James Dalrymple, Jim Hughes, Mark Jellison, Homer Searls, Gene Swingle, George Williams, Michael Corbett, Paul Fisher, Larry Jarvis, Larry Tyo, Joe Stoneburner and Michael Fisher immediate and full reinstatement to their former positions or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges.
 
 
 14
 (c) Upon application for reinstatement on behalf of employees who participated in the unfair labor practice strike which began on 18 June 1985 and who have not already been reinstated, offer full and immediate reinstatement to all such employees or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, dismissing if necessary any persons hired as replacements on or after 18 June 1985. If, after such dismissals, sufficient jobs are not available for these employees, they shall be placed on a preferential hiring list in accordance with their seniority or nondiscriminatory practices utilized by the Petitioner, and they shall be offered employment before any other persons are hired. These employees shall be made whole for any loss of earnings, if any there be, they may have suffered or may suffer by reason of Petitioner's refusal and failure to reinstate, all of which is to be done in the manner set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy."
 
 
 15
 (d) Expunge from its files any references to the suspensions or discharges of any of the above-named employees, and notify them in writing that this has been done and that evidence of these unlawful suspensions and discharges will not be used as a basis for future personnel action against them.
 
 
 16
 (e) Process, on request, through the grievance and arbitration procedures of the expired 1981-1984 contract those grievances arising prior to the expiration of the 1981-1984 contract and filed in accordance with the grievance procedure contained in that contract.
 
 
 17
 (f) Process, upon request, through the grievance procedure of the expired 1981-1984 contract, those grievances arising during the hiatus between the expiration of the extended 1981-1984 contract (5 September 1984) and the implementation of Petitioner's contract proposal (28 October 1984).
 
 
 18
 (g) Recognize and bargain with Boyd Folden as a representative of the Union in the filing and processing of grievances.
 
 
 19
 (h) Rescind any rule or policy stating that only active employees will be recognized as Union representatives in the processing of grievances.
 
 
 20
 (i) Preserve and, upon request, make available to the Board or its agents for examination and copying all payroll records, social security records, and reports, and all other records necessary to analyze the amounts of backpay due herein.
 
 
 21
 (j) Post at its Zanesville, Ohio plant, copies of the attached notice marked "Appendix." Copies of said notice, on forms provided by the Regional Director for Region 8 of the National Labor Relations Board (Cleveland, Ohio), after being duly signed by the Petitioner's representative, shall be posted by the Petitioner immediately upon receipt thereof, and be maintained by it for 60 consecutive days thereafter in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Petitioner to insure that such notices are not altered, defaced or covered by any other material.
 
 
 22
 (k) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Petitioner has taken to comply herewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 23
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 24
 APPEALS AFFIRMING IN PART AND REVERSING IN PART AN
 
 ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 25
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 26
 WE WILL NOT conduct investigatory interviews of employees after having denied their requests for union representation.
 
 
 27
 WE WILL NOT threaten employees with suspension for refusing to participate in investigatory interviews after having denied their requests for union representation.
 
 
 28
 WE WILL NOT suspend, discharge, or otherwise discriminate against any employee for refusing to participate in investigatory interviews after having denied their request for union representation.
 
 
 29
 WE WILL NOT refuse to bargain in good faith with United Cement, Lime, Gypsum and Allied Workers' International Union, Local No. 24, AFL-CIO affiliated with Cement, Lime, Gypsum and Allied Workers Division, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO, as the exclusive bargaining representative of our employees in the appropriate unit by: refusing to process and arbitrate grievances filed prior to September 5, 1984, under the terms of the expired contract; refusing to process grievances filed between September 5, and October 28, 1984, under the terms of the expired contract; insisting that grievances filed between September 5, and October 28, 1984, be processed under the grievance procedures of the implemented contract proposal of October 28, 1984.
 
 
 30
 WE WILL NOT refuse to bargain in good faith with United Cement, Lime, Gypsum and Allied Workers' International Union, Local No. 24, AFL-CIO affiliated with Cement, Lime, Gypsum and Allied Workers Division, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO, as the exclusive bargaining representative of our employees in the appropriate unit by: establishing a policy that only active employees can participate in the filing and processing of grievances; refusing to allow retired Union Grievance Committeeman Boyd Folden to participate in the filing and processing of grievance.
 
 
 31
 WE WILL NOT discharge, suspend, or fail to reinstate any employee for participating in a strike or engaging in any other union or concerted activity protected by Section 7 of the Act.
 
 
 32
 WE WILL NOT in any other manner interfere with, restrain, or coerce our employees in the exercise of the rights under Section 7 of the Act.
 
 
 33
 WE WILL make whole employees Robert Barrett, Robert Wartenbe, Russell Barrett, James Dalrymple, Terry Frame, Jimmy Hughes, Mark Jellison, Keith Luzadder, Homer Searls, Gene Swingle, George Williams, Michael Corbett, Paul Fisher, Larry Jarvis, Larry Tyo, Joseph Stoneburner, and Michael Fisher to the extent that this has not been accomplished, for any loss of pay they may have suffered by reason of the discrimination against them found here, plus interest except that Robert Wartenbe's backpay shall be discontinued as of July 8, 1985.
 
 
 34
 WE WILL offer to Russell Barrett, James Dalrymple, Jimmy Hughes, Mark Jellison, Homer Searls, Gene Swingle, George Williams, Michael Corbett, Paul Fisher, Larry Jarvis, Larry Tyo, Joe Stoneburner, and Michael Fisher immediate and full reinstatement to their former positions or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges.
 
 
 35
 WE WILL, on application for reinstatement on behalf of employees who participated in the unfair labor practice strike that began on June 18, 1985, who have not already been reinstated, offer full and immediate reinstatement to all such employees or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, dismissing if necessary any persons hired as replacements after June 18, 1985.
 
 
 36
 WE WILL remove from our files any references to suspensions or discharges of the above-named employees, and notify them in writing that this has been done and that evidence of these unlawful suspensions and discharges will not be used as a basis for future personnel action against them.
 
 
 37
 WE WILL process, on request, through the grievance and arbitration procedures of the expired 1981-1984 contract, those grievances arising prior to the expiration of the 1981-1984 contract and filed in accordance with the grievance procedure contained in that contract.
 
 
 38
 WE WILL process, on request, through the grievance procedure of the expired 1981-1984 contract, those grievances arising during the hiatus between the expiration of the 1981-1984 contract (September 5, 1984) and the implementation of our contract proposal (October 28, 1984).
 
 
 39
 WE WILL recognize and bargain with Boyd Folden as a representative of the Union in filing and processing grievances.
 
 
 40
 WE WILL rescind any rule or policy stating that only active employees will be recognized as union representatives in the processing of grievances.
 
 COLUMBIA PORTLAND CEMENT COMPANY
 
 41
 (Employer)
 
 
 42
 Dated __________ By _________________________
 
 
 43
 (Representative)
 
 
 44
 (Title)
 
 
 45
 This is an official notice and must not be defaced by anyone.
 
 
 46
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 E. 9th Street, Room 1695, Cleveland, Ohio 44199-2086, Telephone 216-522-3715.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Hickmott Foods, Inc., 242 NLRB 1357 (1979)